LAW OFFICE
**G**REGORY **E. S**TAMBAUGH
9100 CHURCH STREET
SUITE 103
MANASSAS, VIRGINIA 20110-5413
———

(703) 331-0220
Fax: (703) 331-3588

May 28, 2021

Hon. Anthony J. Trenga
United States District Court
Eastern District of Virginia
401 Courthouse Square
Alexandria, VA 22314

Re: U.S. v. Jin Horng Hong 1:20-CR-254

Dear Judge Trenga:

    On April 7, 2021 the Judgment Order was entered in Mr. Hong's case. Among its provisions, Mr. Hong was sentenced to 7 months incarceration with a recommendation to the Bureau of Prisons that he be "[D]esignated to a facility located near the <u>Washington D.C. Metropolitan Area</u>." (emphasis in the original). An Amended Judgment Order was entered April 9, 2021 containing the same recommendation and clarifying that Mr. Hong was to surrender for service of his sentence not before November 1, 2021. The purpose of the request and recommendation, although unstated in the Judgment Order, was for family visitation considerations. As your Honor knows from the Presentence Report and from representations made at sentencing not only is the family expecting a baby due in October, they also have a three year old at home. Also as a result of these circumstances at defendant's request, this Court delayed his reporting date as reflected in the Amended Judgment Order.

    Despite the recommendation, on April 20, 2021, Mr. Hong received his designation for CI North Lake to report no later than 12:00 PM on Nov. 1, 2021. FCI North Lake is located in Baldwin, Michigan and is over 700 miles from his home in Ashburn, Virginia. This translates to a drive of between 10 ½ to 11 hours.

    18 U.S.C. §3621(b) states that the Bureau of Prisons:

> shall designate the place of the prisoner's imprisonment, and shall, subject to bed availability, the prisoner's security designation, the prisoner's programmatic needs, the prisoner's mental and medical health needs, any request made by the prisoner related to faith-based needs, recommendations of the sentencing court, and other security concerns of the Bureau of Prisons, place the prisoner in a facility as close as practicable to the prisoner's primary residence, and to the extent practicable, in a facility within 500 driving miles of that residence…

      It appears that the alacrity with which the Bureau has made this designation - in fact being made within two weeks of the entry of the Amended Judgment Order – for a sentence whose earliest reporting date is still many months away, lays waste to the intent and purpose of §3621(b) and more specifically the purpose of the recommendation made by the Court in this case.

      We would simply ask the Court to make a new recommendation to the Bureau of Prisons giving due regard to the provisions of 18 USC §3621(b).

      Sincerely,

      /s/

      Gregory E. Stambaugh
      Counsel for Defendant